UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

RUDY WILKINS,

                Plaintiff,

   v.

ALAMEDA COUNTY SHERIFF'S OFFICE; et al.,

                Defendants.

_____/

No. C 15-1706 LB

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

[Re: ECF No. 1]

## INTRODUCTION

Rudy Wilkins, an inmate at the Alameda County Santa Rita Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. ECF No. 1 at 4. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the complaint, and allows Mr. Wilkins to file an amended complaint.

## STATEMENT

The complaint alleges the following: The Alameda County Sheriff's office switched from bar soap to a liquid soap substance for inmates at the Santa Rita Jail. After using the liquid soap a few times in March 2014, Mr. Wilkins experienced skin irritation all over his body. "[T]he medical provider, Corizon," has not adequately treated his skin condition. ECF No. 1 at 2.

C 15-1706 LB
ORDER

1  The complaint further alleges that the Alameda County Sheriff and Corizon Health Services
2  medical staff have denied Mr. Wilkins adequate cold weather clothing, i.e., a long-sleeve jacket and
3  closed-toe shoes.   The complaint lists four medical care providers, but does not allege what each
4  listed person did or failed to do.

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b).  *Pro se* complaints must be liberally construed.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison and jail officials take reasonable measures for the safety and health of inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A prison or jail official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety or health.  *See id.* at 834.[1] Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Although serious medical needs form the basis for most Eighth Amendment claims, the deprivation of any "'minimal civilized measure of life's necessities,'" *Farmer*, 511 U.S. at 834, can satisfy the

---

[1] The inmate's claim arises under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishment Clause of the Eighth Amendment if he was a pretrial detainee at the relevant time; however, the deliberate indifference standard still applies to the claim.  *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (standard of deliberate indifference applicable to pretrial detainees' medical claims).

C 15-1706 LB
ORDER                                                              2

objective prong of an Eighth Amendment claim.

Mr. Wilkins' claim that he received inadequate medical care for his skin condition fails to state a claim upon which relief may be granted under § 1983, assuming that a skin irritation amounts to a serious medical condition. First, Mr. Wilkins has not alleged facts suggesting that anyone acted with deliberate indifference, which is the mental state necessary for an Eighth Amendment claim about the conditions of confinement. In his amended complaint, Mr. Wilkins must allege facts suggesting that each proposed defendant acted with deliberate indifference in his or her response to Mr. Wilkins' skin irritation, i.e., that the defendant was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and actually drew that inference. *Farmer*, 511 U.S. at 837. Second, Mr. Wilkins has not identified the defendant(s) who failed to provide adequate medical care for the skin irritation. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim is not stated against Corizon Health Services merely because it employed the medical care providers, and a claim is not stated against the Alameda County Sheriff merely because he was in charge of the jail at which the alleged constitutional violations occurred. If Mr. Wilkins wants to pursue the Sheriff based on a supervisor's liability, he must make allegations in his amended complaint to support such a theory.[2] A supervisor may be liable under § 1983 upon a showing of (1)

---

[2] If Mr. Wilkins has named the Alameda County Sheriff in an effort to sue the municipality, he needs to make additional allegations in his amended complaint to establish municipal liability. Local governments, such as Alameda County, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th

1  personal involvement in the constitutional deprivation or (2) a sufficient causal connection between
2  the supervisor's wrongful conduct and the constitutional violation.  *See Starr v. Baca*, 652 F.3d
3  1202, 1206-07 (9th Cir. 2011).   In his amended complaint, Mr. Wilkins must link each proposed
4  defendant to his claim by explaining what each defendant did or failed to do that caused a violation
5  of his rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

6  Mr. Wilkins' claim for the denial of cold weather clothing also fails to state a claim upon which
7  relief may be granted under § 1983.  "[T]he 'Eighth Amendment guarantees adequate heating' but
8  not necessarily a 'comfortable' temperature. . . . One measure of an inadequate, as opposed to merely
9  uncomfortable, temperature is that it poses 'a substantial risk of serious harm.'"  *Graves v. Arpaio*,
10 623 F.3d 1043, 1049 (9th Cir. 2010) (citations omitted).  The complaint alleges no facts to suggest
11 that the denial of cold weather clothing posed a substantial risk of serious harm to Mr. Wilkins.  In
12 his amended complaint, Mr. Wilkins must allege, if true, facts showing that the lack of cold weather
13 clothing posed a substantial risk of serious harm to him.  Facts that might bear upon the risk of harm
14 include: the number of days, weeks or months he had to go without a jacket and closed-toe shoes;
15 the indoor temperatures at the jail; the number of hours per week he spent outside; the months
16 during which he was outside without a jacket and closed-toe shoes; and the clothing that he was
17 permitted to wear indoors and outside.  Mr. Wilkins also must allege facts showing that one or more
18 defendants acted with deliberate indifference.  The complaint's list of four medical care defendants is
19 insufficient to link any of them to the claim because the complaint does not allege facts showing that
20 any of them acted with deliberate indifference to a serious risk to Mr. Wilkins' health.  In his
21 amended complaint, he should identify the dates on which he asked and was refused cold weather
22 clothing by each defendant.  As with the skin care claim, the complaint also does not state a claim
23 against the Alameda County Sheriff or Corizon Health Care for the denial of cold weather clothes by
24 individual medical staff members because they have no respondeat superior liability.  If Mr. Wilkins
25 wants to pursue the Sheriff on a supervisor's liability theory or on pursue a municipal liability
26 theory, he must make the necessary allegations to support each such theory.

27

28 Cir. 2012).  It is not sufficient to merely allege that a policy, custom or practice existed or that
   individual officers' wrongdoing conformed to a policy, custom or practice.  *See id.* at 636-68.

Mr. Wilkins submitted about 100 pages of exhibits in support of his complaint. *See* ECF No. 1-1 to 1-7 and No. 3, 3-1 to 3-3. Mr. Wilkins is cautioned that he must write out a complete statement of his claims in his amended complaint. The court will not read through the exhibits to piece together a claim for a plaintiff.

The court will grant leave to amend so that Mr. Wilkins may file an amended complaint in which he describes specifically what each defendant did or failed to do that caused a violation of Mr. Wilkins' constitutional rights. In his amended complaint, Mr. Wilkins must be careful to allege facts showing the basis for liability for each defendant for each of his legal claims. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his rights.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **June 12, 2015**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Wilkins is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: May 13, 2015

_____
LAUREL BEELER
United States Magistrate Judge