UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| RUDY WILKINS, | No. 15-cv-1706 LB |
| Plaintiff, | **ORDER REQUIRING SECOND AMENDED COMPLAINT** |
| v. | [Re: ECF Nos. 7 and 8] |
| ALAMEDA COUNTY SHERIFF'S OFFICE; et al., | |
| Defendants. | |

Rudy Wilkins, an inmate at the Alameda County Santa Rita Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983, asserting claims about skin-irritating liquid soap and the denial of cold weather clothes at Santa Rita Jail. The court reviewed the complaint, found problems with it, and dismissed it with leave to file an amended complaint. Mr. Wilkins then filed two different amended complaints. (*See* ECF Nos. 7 and 8.) This order describes the confusion created by the arrival of two different complaints and requires Mr. Wilkins to file one second amended complaint asserting all his claims in a coherent manner.

The first problem that arises from the two amended complaints is that it is uncertain whether Mr. Wilkins wants to proceed with the first or the second or both amended complaints. The amended complaint filed on June 15, 2015 (ECF No. 7) focuses on medical issues whereas the amended

1  complaint received on June 25, 2015 (ECF No. 8) focuses on the behavior of sheriff's deputies. The
2  normal rule is that a later-filed pleading supersedes an earlier pleading, but it is not clear that Mr.
3  Wilkins intended his June 25 amended complaint to supersede the June 15 amended complaint
4  because they cover different subject matters.   Mr. Wilkins must file a single second amended
5  complaint in which he asserts all the claims he wants to pursue in this action.

6  The second problem is that the June 15 amended complaint repeatedly refers to exhibits, but
7  there are no exhibits attached to that amended complaint.  The exhibit references in the June 15
8  amended complaint also do not match up with exhibits attached to the June 25 amended complaint.
9  And the exhibit references cannot be matched up with the exhibits submitted with the original
10 complaint because those exhibits were not numbered.  (*See* ECF Nos. 1-1 to 1-7 and ECF No. 3.)

11 The third problem arises from Mr. Wilkins' unusual use of footnotes.  All of the allegations in
12 the June 15 amended complaint and most of the allegations of the June 25 amended complaint are
13 written as footnotes.  For example, in the June 15 amended complaint, the first paragraph begins
14 with the words "Footnote [1] Under civil rights...," the second paragraph begins with the words
15 "Footnote [2] I then, as Exhibit 2...," and the third paragraph begins with the words "Footnote [3]
16 For the next few weeks, Exhibit 3...."   (ECF No. 7 at 1.)  This leaves the reader guessing there is
17 another document that has the main text to which the footnotes pertain, or whether Mr. Wilkins
18 actually meant to writ his claims as footnotes.  The usual purpose of a footnote is to add clarifying or
19 background material that pertains to the main text of a document.  In his second amended complaint,
20 Mr. Wilkins should not write his claims as footnotes.

21 Mr. Wilkins must file one and only one second amended complaint.  In preparing that second
22 amended complaint, Mr. Wilkins must comply with the directions in the order of dismissal with
23 leave to amend.  He is reminded that he must be careful to allege facts showing the basis for liability
24 for each defendant for each of his legal claims.  He should not refer to them as a group (e.g., "the
25 defendants"); rather, he should identify each involved defendant by name and link each of them to
26 his claim by explaining what each defendant did or failed to do that caused a violation of his rights.

27 For the foregoing reasons, the June 15 amended complaint and the June 25 amended complaint
28 are **DISMISSED WITH LEAVE TO AMEND**.  Mr. Wilkins must file one second amended

complaint no later than **July 31, 2015**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Mr. Wilkins is cautioned that his second amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**IT IS SO ORDERED.**

Dated: July 1, 2015

LAUREL BEELER
United States Magistrate Judge