UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUDY WILKINS,

    Plaintiff,

v.

MARIA MAGAT, et al.,

    Defendants.

Case No. 15-cv-01706-YGR (PR)

**ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS AND HIS SUBMITTED EXHIBIT; DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFF'S MOST-RECENT FILING; AND SETTING NEW BRIEFING SCHEDULE**

## INTRODUCTION

Before the Court are several motions filed by Plaintiff including: (1) his "Motion for [Court to] Order the Defendants' to Answer Complaint and [Participate in] Discovery" (dkt. 29); (2) his motions for appointment of counsel (dkts. 43, 52); (3) his "Motion to Recall Order for More Time Extension (60 Days)" (dkt. 51); and (4) his motions to compel discovery (dkts. 55, 57) as well as his most-recent filing entitled "RE: Inadequate Responses to Discovery Requests Letter "Exhibit '01-A'" Addition to File" (dkt. 73). Plaintiff has also submitted an exhibit described as a pair of boxer shorts with "puss and blood" stains. Dkt. 40. The Court addresses each of Plaintiff's motions and the aforementioned submitted exhibit below.

## DISCUSSION

### I.  "MOTION FOR ORDER THE DEFENDANTS' TO ANSWER COMPLAINT AND FOR DISCOVERY"

Plaintiff requests that the Court direct Defendants to file an answer to the complaint. Dkt. 29 at 1-2. The request is DENIED. On March 25, 2016, Defendants filed a waiver of reply pursuant to 42 U.S.C. § 1997e(g) (allowing a defendant to "waive the right of reply" in a civil rights action filed by a prisoner, providing that such a waiver is not an admission of the allegations in the complaint, and disallowing relief for the plaintiff unless a reply has been filed). When they filed the waiver, the Court had not required a reply pursuant to 42 U.S.C. § 1997e(g)(2). Defendants have since filed a dispositive motion, which is currently before this Court and will be resolved in a separate written Order after it has been fully submitted. *See* Dkt. 65.

1        Plaintiff also requests that the Court direct Defendants to participate in discovery. Dkt. 29
2   at 2-4. The Court notes that the parties have previously been instructed that discovery "may be
3   taken in accordance with the Federal Rules of Civil Procedure." Dkt. 18 at 10. The Court further
4   stated: "No further court order under Federal Rule of Civil Procedure 30(a)(2)(B) or Local Rule 16
5   is required before the parties may conduct discovery." *Id.* Therefore, to the extent that Plaintiff
6   requests the Court to order Defendants to participate in discovery, such a request is DENIED as
7   unnecessary.

## II.   MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also has requested that counsel be appointed to represent him in this action. Dkts. 43, 52. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. His requests for appointment of counsel are DENIED. Dkts. 43, 52.

## III.   "MOTION TO RECALL ORDER FOR MORE TIME EXTENSION (60 DAYS)"

On September 27, 2016, the Court granted Defendants' motion for an extension of time to file their motion for summary judgment. Dkt. 47. The Court directed Defendants to file their disposition motion no later than December 5, 2016. *See id.* As mentioned above, Defendants filed a timely motion for summary judgment. Dkt. 65.

Before the Court is Plaintiff's "Motion to Recall Order for More Time Extension (60 Days)," in which he moved for reconsideration of the Court's September 27, 2016 Order continuing the dispositive motion filing deadline. Dkt. 51. It seems that the essence of Plaintiff's argument is that Defendants "failed to notice [him] properly at least 14 days in advance" of a hearing on their motion under Federal Rule of Civil Procedure 6(c). *Id.* at 2. Plaintiff's argument is without merit. As stated above, Plaintiff argues he received inadequate notice of the hearing on

2

1  Defendants' request for an extension under Rule 6(c).  However, Defendants' request for an
2  extension of time was decided without hearing; therefore, Rule 6(c) is inapplicable.  Furthermore,
3  the record shows that the Court used its discretion in finding good cause to grant Defendants such
4  an extension of time in which to file their motion for summary judgment.  Accordingly, Plaintiff's
5  "Motion to Recall Order for More Time Extension (60 Days)" is DENIED.

### IV. PLAINTIFF'S SUBMITTED EXHIBIT

As mentioned above, Plaintiff has submitted an exhibit described as a pair of boxer shorts with "puss and blood" stains.  Dkt. 40.  While his exhibit was submitted with multiple unorganized documents, Plaintiff did not file any motion along with the exhibit explaining its purpose or what he would like the Court to do with such an exhibit.  The Court is not the proper custodian of such exhibits if there is no pending motion before it.  As such, because Plaintiff has not provided a clear purpose for the Court to hold on to such an exhibit at this time, there is no reason for the Court to keep it.  Therefore, such an exhibit will be returned to Plaintiff within **twenty-eight (28) days** of the date of this Order unless he files a motion explaining why he has submitted such an exhibit to the Court and why such a submission is proper at this time.  Plaintiff shall also provide an explanation as to why the Court is the proper custodian of such an exhibit.  If Plaintiff files such a motion, Defendants shall respond to it no later than **fourteen (14) days** after it is filed.  If Plaintiff does not file such a motion within the deadline specified above, then Clerk is directed to return the exhibit to Plaintiff.

### V. MOTIONS TO COMPEL DISCOVERY

Before the Court are Plaintiff's motions to compel discovery (dkt. 55, 57) and his most-recent filing entitled "RE: Inadequate Responses to Discovery Requests Letter "Exhibit '01-A'" Addition to File" (dkt. 73).

It is not an effective or appropriate use of the Court's limited resources for it to oversee all aspects of discovery.  Thus, before filing a motion to compel, the moving party must first attempt to resolve the dispute informally with the opposing party.  It is only when the parties are unable to resolve the dispute after making a good faith effort to do so should they seek the Court's intervention.  *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1.  Because Plaintiff is

incarcerated, he is not required to meet and confer with Defendants in person. Rather, if Plaintiff's discovery requests are denied and he intends to pursue a motion to compel, he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information. The letter should state the specific discovery he seeks, and state the reasons that Plaintiff believes he is entitled to such discovery.

Defendants have opposed Plaintiff's motions to compel, but they have not responded to whether Plaintiff's most-recent filing, i.e., a letter entitled "Re: Inadequate Responses to Discovery Requests," is sufficient proof that he met and conferred with Defendants—granting them an additional opportunity to provide him the information he sought—prior to filing the motions to compel.

No later than **fourteen (14) days** of the date of this Order, Defendants shall respond to Plaintiff's aforementioned most-recent filing. The Court again notes that Defendants have filed a motion for summary judgment, which includes various declarations and exhibits. Thus, Defendants shall also explain whether they have already produced some of the discovery Plaintiff is seeking, or are in the process of obtaining records in response to some of Plaintiff's requests. After the Court receives Defendants' response, it will then resolve the pending motions to compel discovery.

The Court further notes that the deadline for Plaintiff's opposition to Defendants' motion for summary judgment is January 6, 2017. At this time, Plaintiff has not addressed whether or not he needs an extension of time to file his opposition. However, the Court construes Plaintiff's aforementioned most-recent filing as a request for an extension of time to file his opposition, and such a request is GRANTED. The parties are directed to abide by the briefing schedule below.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's request that the Court direct Defendants to file an answer to the complaint is DENIED. Dkt. 29 at 1-2.

2. Plaintiff's request that the Court order Defendants to participate in discovery is DENIED as unnecessary. Dkt. 29 at 2-4.

4

3. Plaintiff's requests for appointment of counsel are DENIED. Dkts. 43, 52.

4. Plaintiff's "Motion to Recall Order for More Time Extension (60 Days)" is DENIED. Dkt. 51.

5. Plaintiff has not provided a clear purpose for the Court to hold on to the aforementioned submitted exhibit—"boxer shorts [with] puss and blood [stains]"—at this time. Such an exhibit will be returned to Plaintiff within **twenty-eight (28) days** of the date of this Order unless he files a motion explaining why he has submitted it to the Court and why such a submission is proper at this time. Plaintiff shall also provide an explanation as to why the Court is the proper custodian of such an exhibit. If Plaintiff files such a motion, Defendants shall respond to it no later than **fourteen (14) days** after it is filed. If Plaintiff does not file such a motion within the deadline specified above, then Clerk is directed to return the exhibit to Plaintiff.

6. Defendants have opposed Plaintiff's pending motions to compel, but they have not responded to whether Plaintiff's most-recent filing, i.e., a letter entitled "Re: Inadequate Responses to Discovery Requests," is sufficient proof that he met and conferred with them. No later than **fourteen (14) days** of the date of this Order, Defendants shall respond to Plaintiff's aforementioned most-recent filing, as directed above. After the Court receives Defendants' response, it will then resolve Plaintiff's pending motions to compel discovery.

7. The Court construes Plaintiff's aforementioned most-recent filing as a request for an extension of time to file his opposition to Defendants' motion for summary judgment, and such a request is GRANTED. The time in which Plaintiff may file his opposition to Defendants' motion for summary judgment will be extended up to and including **February 28, 2017**. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed. **No further extensions of time will be granted in this case absent extraordinary circumstances.**

8. This Order terminates Docket Nos. 29, 43, 51, and 52.

IT IS SO ORDERED.

Dated: January 9, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge