UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

RUDY WILKINS,
    Plaintiff,

v.

ALAMEDA COUNTY SHERIFF'S OFFICE, et al.,
    Defendants.

Case No. 15-cv-01706-YGR (NJV)

**ORDER RE DISCOVERY MOTIONS**

Re: Dkt. Nos. 55, 57

This is a prisoner civil rights action brought pro se by inmate Rudy Wilkens. District Judge Gonzalez Rogers has referred Plaintiff's pending discovery motions to the undersigned. For the reasons explained below, the court will deny Plaintiff's motions filed October 14, 2016 and October 27, 2016.

During August 2016, Plaintiff directed interrogatories and requests for production to Defendants Dr. Maria Magat, Dr. Ifei Chen, Dr. Tha Khin, and Dr. Glenda Newell. (Doc. 55, at 2:9-11; Doc. 57, at 2:7-9.) Defendants responded to the interrogatories on September 14 and responded to the requests for production on September 29. (Doc. 55, at 4-31.)

In a letter dated September 27, Plaintiff demanded further interrogatory responses, asserting Defendants "[did] not answer any of the interrogatories' subparts." (Doc. 55, at 33. When defense counsel received the letter dated September 27, she responded on October 6 that Plaintiff's letter was unintelligible because the interrogatories contained no "subparts." She asked Plaintiff to clarify and to identify the interrogatory responses at issue. (Doc. 59, Grigg Decl., ¶4 & Exh. B.) Plaintiff never did so.

Around October 7, Plaintiff sent Defense Counsel another letter demanding further

interrogatory answers. (Doc. 58, Grigg Decl., ¶4 & Exh. B.) In it, he did not identify the interrogatories he contended required further response. *Id.* He also did not explain why further response to any interrogatory was warranted – except to again insist Defendants had not answered unspecified interrogatory "subparts."

On October 14, Plaintiff moved to compel further interrogatory responses, without responding to defense counsel's October 6 letter. (Doc. 55.) On October 27, Plaintiff moved to compel production of documents and request for admissions. (Doc. 57.) He did not attempt to confer about the issues raised therein before filing it. (Doc. 58, Grigg Decl., ¶7.) On October 28, 2016, Defendants filed a response to both of Plaintiff's motions to compel. (Doc. 58.) Plaintiff filed a reply in the form of a Brief in Support of Motion to Compel on November 14, 2016. (Doc. 62.)

The Civil Local Rules for the United States District Court for Northern District of California provide in part as follows:

> 37-2. Form of Motions to Compel
> In addition to complying with applicable provisions of Civil L.R. 7, a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.

Attached to Plaintiff's October 14th motion to compel further interrogatory responses are copies of the interrogatory responses of Drs. Magat, Chen and Newell. (Doc. 55.) Plaintiff, however, does not "detail the basis for [his] contention that [he] is entitled to the requested discovery." Although Plaintiff complains that he did not receive interrogatory answers from Dr. Khin, Dr. Khin was not yet served and is thus was not a party to this action. While Plaintiff argues generally that the answers that Defendants provided were evasive and incomplete, this is insufficient to support a motion to compel under the Federal Rules of Civil Procedure and Civil Local Rule 37-2.

Attached to Plaintiff's October 27th motion to compel production of documents and

2

request for admissions are copies of the responses by Drs. Magat, Chen, and Newell. (Doc. 57, Attachments.) Plaintiff presents no argument as to why he is entitled to the requested discovery. He argues only that "Defendants' responses are "evasive work product conjuration, sleight of hand from the Attorneys period." Again, this is insufficient to support a motion to compel under the Federal Rules of Civil Procedure and Civil Local Rule 37-2.

Accordingly, Plaintiff's Motions filed October 14, 2017, and October 27, 2017, are HEREBY DENIED.

**IT IS SO ORDERED**.

Dated: June 15, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge