UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUDY WILKINS,

    Plaintiff,

v.

MARIA MAGAT, et al.,

    Defendants.

Case No. 15-cv-01706-YGR (PR)

**ORDER OF REFERENCE TO MAGISTRATE JUDGE ROBERT M. ILLMAN FOR DISCOVERY; ADDRESSING PLAINTIFF'S MOTION TO RECALL MAGISTRATE JUDGE VADAS'S JUNE 15, 2017 ORDER AND REQUEST FOR APPOINTMENT OF COUNSEL; AND SETTING NEW BRIEFING SCHEDULE**

### I. BACKGROUND

This is a *pro se* prisoner civil rights action. On June 2, 2017, the Court referred this matter to Magistrate Judge Nandor J. Vadas for all discovery matters, including Plaintiff's motions to compel filed on October 14, 2016, October 27, 2016, and February 2, 2017. *See* Dkt. 94.

The following background is taken from Magistrate Judge Vadas's June 15, 2017 Order, in which he resolved Plaintiff's October 14, 2016 and October 27, 2016 motions:

> During August 2016, Plaintiff directed interrogatories and requests for production to Defendants Dr. Maria Magat, Dr. Ifei Chen, Dr. Tha Khin, and Dr. Glenda Newell. (Doc. 55, at 2:9-11; Doc. 57, at 2:7-9.) Defendants responded to the interrogatories on September 14 and responded to the requests for production on September 29. (Doc. 55, at 4-31.)
>
> In a letter dated September 27, Plaintiff demanded further interrogatory responses, asserting Defendants "[did] not answer any of the interrogatories' subparts." (Doc. 55, at 33.) When defense counsel received the letter dated September 27, she responded on October 6 that Plaintiff's letter was unintelligible because the interrogatories contained no "subparts." She asked Plaintiff to clarify and to identify the interrogatory responses at issue. (Doc. 59, Grigg Decl., ¶4 & Exh. B.) Plaintiff never did so.
>
> Around October 7, Plaintiff sent Defense Counsel another letter demanding further Case interrogatory answers. (Doc. 58, Grigg Decl., ¶4 & Exh. B.) In it, he did not identify the interrogatories he contended required further response. *Id.* He also did not explain why further response to any interrogatory was warranted—except to again insist Defendants had not answered unspecified interrogatory "subparts."
>
> On October 14, Plaintiff moved to compel further interrogatory responses, without responding to defense counsel's October 6 letter. (Doc. 55.) On October 27, Plaintiff moved to

compel production of documents and request for admissions. (Doc. 57.) He did not attempt to confer about the issues raised therein before filing it. (Doc. 58, Grigg Decl., ¶7.) On October 28, 2016, Defendants filed a response to both of Plaintiff's motions to compel. (Doc. 58.) Plaintiff filed a reply in the form of a Brief in Support of Motion to Compel on November 14, 2016. (Doc. 62.)

Dkt. 96 at 1-2.

Magistrate Judge Vadas then pointed out that the Civil Local Rules for the United States District Court for Northern District of California provided in part as follows:

> 37-2. Form of Motions to Compel
>
> In addition to complying with applicable provisions of Civil L.R. 7, a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.

*Id.* Relying on Civil Local Rule 37.2 and the Federal Rules of Civil Procedure, Magistrate Judge Vadas found that Plaintiff's arguments in both his October 14, 2016 and October 27, 2016 motions were insufficient to support a motion to compel discovery, stating as follows:

> Attached to Plaintiff's October 14th motion to compel further interrogatory responses are copies of the interrogatory responses of Drs. Magat, Chen and Newell. (Doc. 55.) Plaintiff, however, does not "detail the basis for [his] contention that [he] is entitled to the requested discovery." Although Plaintiff complains that he did not receive interrogatory answers from Dr. Khin, Dr. Khin was not yet served and is thus was not a party to this action. While Plaintiff argues generally that the answers that Defendants provided were evasive and incomplete, this is insufficient to support a motion to compel under the Federal Rules of Civil Procedure and Civil Local Rule 37-2.
>
> Attached to Plaintiff's October 27th motion to compel production of documents and request for admissions are copies of the responses by Drs. Magat, Chen, and Newell. (Doc. 57, Attachments.) Plaintiff presents no argument as to why he is entitled to the requested discovery. He argues only that "Defendants' responses are "evasive work product conjuration, sleight of hand from the Attorneys period." Again, this is insufficient to support a motion to compel under the Federal Rules of Civil Procedure and Civil Local Rule 37-2.

*Id.* at 2-3. Therefore, Magistrate Judge Vadas denied Plaintiff's October 14, 2016 and October 27, 2016 motions to compel discovery. *Id.* at 3.

On June 27, 2017, the parties appeared before Magistrate Judge Vadas to resolve

1  Plaintiff's remaining February 2, 2017 motion to compel discovery. *See* Dkts. 81, 100, 105.

2  On June 29, 2017, Plaintiff filed a motion, entitled "Motion to Recall Order of Magistrate Judge Nandor J. Vadas; Denying Plaintiff's Motion to Compel Discovery Circumventing Standing Order by District Court Judge June 02, 2017 for Parties to Meet and Confer in His Magistrate Court," which the Court construes to be a motion to recall Magistrate Judge Vadas's June 15, 2017 Order. Dkt. 104. Defendants filed an opposition to the aforementioned motion. Dkt. 106.

On July 7, 2017, Magistrate Judge Vadas issued an order outlining the rulings made during the June 27, 2017 hearing resolving Plaintiff's February 2, 2017 motion. Dkt. 105.

Thereafter, Plaintiff filed two more motions related to discovery disputes. Dkts. 107, 114. He has also filed a renewed request for appointment of counsel, which Defendants oppose. Dkts. 107, 108, 110, 112.

## II. PLANTIFF'S MOTION TO RECALL MAGISTRATE JUDGE VADAS'S ORDER

As mentioned above, before the Court is Plaintiff's motion to recall Magistrate Judge Vadas's June 15, 2017 Order relating to Plaintiff's October 14, 2016 and October 27, 2016 motions to compel discovery. Dkt. 104. Plaintiff claims that Magistrate Judge Vadas improperly denied the aforementioned motions because, prior to the issuance of the June 15, 2017 Order, the parties did not "meet and confer" according to the procedure set forth in the Court's June 2, 2017 Order. *Id.* at 1-2.

Defendants have opposed Plaintiff's motion to recall Magistrate Judge Vadas's Order. Dkt. 106. Defendants argue that Plaintiff's motion should be denied because: "(1) it is a procedurally impermissible motion for reconsideration and (2) good cause to compel further responses remains absent." *Id.* at 1. The Court agrees with Defendants.

First, the Court notes that the "meet and confer" procedure outlined in its June 2, 2017 Order was taken from Magistrate Judge Vadas's Standing Order. *See* Standing Order of Magistrate Judge Nandor J. Vadas at ¶ 13. The record shows that instead of waiting for the parties to file a joint discovery letter, Magistrate Judge Vadas made the decision on June 15, 2017 to rule on the October 14, 2016 and October 27, 2016 motions and to hold a hearing on the third motion dated February 2, 2017. It seems that Plaintiff's present motion seeks to have the Court revisit the

3

decision made by Magistrate Judge Vadas. To seek reconsideration of an interlocutory order, such as the decision in Magistrate Judge Vadas's June 15, 2017 Order, Plaintiff had to comply with Local Rule 7-9(a). Here, Plaintiff did not do so. Plaintiff did not obtain leave of court to file a motion for reconsideration, and made no argument in the attached brief that would suggest that Plaintiff could pass the test for such permission. That is, Plaintiff did not show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* N. D. Cal. Civil L.R. 7-9(b). Even without the special requirements for motions to reconsider, Plaintiff has failed to show that reconsideration of Magistrate Judge Vadas's June 15, 2017 Order is warranted. In denying Plaintiff's October 14, 2016 and October 27, 2016 motions to compel discovery, Magistrate Judge Vadas determined that Plaintiff's arguments in both motions were insufficient to support a motion to compel under the Federal Rules of Civil Procedure and Civil Local Rule 37-2. Dkt. 96 at 2-3. In his present motion, Plaintiff does not address this issue. Furthermore, the Court notes that Plaintiff's October 27, 2016 motion to compel contains duplicative discovery requests to his February 2, 2017 motion to compel, which was resolved during the June 27, 2017 hearing before Magistrate Judge Vadas. See Dkts. 57, 81, 105.

Accordingly, the Court DENIES Plaintiff's motion to recall Magistrate Judge Vadas's June 15, 2017 Order. Dkt. 104.

### III. PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff's previous requests for the appointment of counsel have been denied.[1] He has

---

[1] On September 4, 2015, the Court denied Plaintiff's initial request for appointment of counsel. Dkt. 12. On January 9, 2017, the Court denied Plaintiff's second motion for appointment of counsel. Dkt. 74. On June 2, 2017, the Court construed Plaintiff's motion for appointment of counsel as a request for the Court to reconsider its denial of his motions for appointment of counsel, and it denied Plaintiff's request. Dkt. 94.

filed yet another motion for appointment of counsel, which is again construed as a request for the Court to reconsider its denial of his motions for appointment of counsel. *See* Dkt. 107. Such a request is hereby DENIED.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in a section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The Court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id*. at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id*.

In light of Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved, the Court finds that exceptional circumstances entitling him to court appointed counsel still do not exist at this time. Accordingly, the request that the Court reconsider its previous denial of his motions for appointment of counsel is DENIED without prejudice. *See* Dkt. 107.

### IV. REMAINING DISCOVERY DISPUTES

Pursuant to Civil Local Rule 72-1, this matter is REFERRED to Magistrate Judge Robert M. Illman for the remaining discovery disputes. *See* Dkts. 107, 114.

The parties shall refer to Magistrate Judge Illman's Standing Order in regard to discovery disputes. *See* Standing Order of Magistrate Judge Robert M. Illman at ¶ 13.

For the aforementioned pending discovery disputes, the parties should specially note the requirement to meet and confer pursuant to Magistrate Judge Illman's Standing Order. *See id.* No later than **twenty-eight (28) days** from the date of this Order, *after* they have met and conferred, the parties shall prepare a joint discovery letter. *See id.* Defendants' attorney is directed to

contact Plaintiff in order to prepare the detailed joint letter. *See id.* The parties are also advised to take into consideration any new requirements under the discovery rules. *See* Fed. R. Civ. P. 37.

Magistrate Judge Illman will advise the parties of how the matter will proceed. Magistrate Judge Illman may issue a ruling, order additional briefing, or set a telephone conference or a hearing.

Hereafter, all further discovery matters shall be filed pursuant to Magistrate Judge Illman's procedures and Standing Order. The parties shall contact the courtroom deputy of Magistrate Judge Illman for information about those procedures. Information may also be available on the Court's website.

The parties are to inform the Court when the discovery disputes are resolved, and they shall then abide by the briefing schedule outlined below.

## V. CONCLUSION

For the reasons outlined above, the Court rules as follows:

1. The Court DENIES Plaintiff's "Motion to Recall Order of Magistrate Judge Nandor J. Vadas; Denying Plaintiff's Motion to Compel Discovery Circumventing Standing Order by District Court Judge June 02, 2017 for Parties to Meet and Confer in His Magistrate Court," which has been construed as a motion to recall Magistrate Judge Vadas's June 15, 2017 Order. Dkt. 104.

2. Plaintiff's motion for appointment of counsel (which has been construed as a request that the Court reconsider its previous denial of Plaintiff's motions for appointment of counsel) is DENIED without prejudice to renewing if his claims survive summary judgment. *See* Dkt. 107.

3. Plaintiff's remaining discovery disputes are referred to Magistrate Judge Robert M. Illman. Dkts. 107, 114. No later than **twenty-eight (28) days** from the date of this Order, *after* the parties have met and conferred, the parties shall prepare a joint discovery letter. As directed above, Defendants' attorney shall contact Plaintiff in order to prepare the detailed joint letter.

4. The parties are to inform the Court when the discovery disputes are resolved.

5. Defendants may file a motion for summary judgment within **twenty-eight (28)**

6

days after the resolution of the discovery disputes. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

6. In the interests of justice, the Court sets a discovery cut-off date of **twenty-eight (28) days** from the date Plaintiff is served with Defendants' dispositive motion. If Plaintiff attempts to meet and confer with Defendants regarding requests for the production of documents and is not satisfied with the result he may file a renewed discovery motion. But in no event shall he file such a motion until after he has reviewed Defendants' dispositive motion.

7. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

8. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Otherwise, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Federal Rule of Civil Procedure 56. *Id.*[3] If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce *evidence* in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from Defendants and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

(The notices above do not excuse Defendants' obligation to serve similar notices again

---

[3] In *Albino*, the Ninth Circuit, sitting en banc, overruled *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the PLRA, should be raised by a defendant as an unenumerated Rule 12(b) motion. *Albino*, 747 F.3d at 1166. "[A] failure to exhaust is more appropriately handled under the framework of the existing rules than under an 'unenumerated' (that is, non-existent) rule." *Id.*

8

1  concurrently with motions for summary judgment. *Woods*, 684 F.3d at 935.)

2      9.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

4      10.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6      11.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

14      12.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

16      13.    The Clerk of the Court shall send Plaintiff a copy of Magistrate Judge Illman's Standing Order in civil cases, along with a copy of this Order.

18      14.    This Order terminates Docket No. 104.

Dated:

_____
YVONNE GONZALEZ ROGERS
United States District Judge